UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| DANIEL HINTON, | 4:24-CV-04181-ECS |
|---|---|
| Plaintiff, | |
| | OPINION AND ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS, DENYING PLAINTIFF'S MOTION TO APPOINT COUNSEL, AND § 1915 SCREENING FOR DISMISSAL |
| vs. | |
| COLLET (BISHOP DUDLEY HOSPITALITY HOUSE); | |
| Defendant. | |

Plaintiff Daniel Hinton filed a pro se lawsuit alleging a Fourth Amendment violation. Doc. 1. Hinton moves for leave to proceed in forma pauperis. Doc. 2. Hinton also moves for appointment of counsel. Doc. 3.

**I. Motion for Leave to Proceed In Forma Pauperis**

A federal court may authorize the commencement of any lawsuit without prepayment of fees when an applicant submits an affidavit stating he or she is unable to pay the costs of the lawsuit. 28 U.S.C. § 1915(a)(1). "[I]n forma pauperis status does not require a litigant to demonstrate absolute destitution." Lee v. McDonald's Corp., 231 F.3d 456, 459 (8th Cir. 2000). But in forma pauperis status is a privilege, not a right. Williams v. McKenzie, 834 F.2d 152, 154 (8th Cir. 1987). "[T]he decision whether to grant or deny in forma pauperis status is within the sound discretion of the trial court." Cross v. Gen. Motors Corp., 721 F.2d 1152, 1157 (8th Cir. 1983). After review of Hinton's application, Doc. 2, this Court finds he has insufficient funds to pay the filing fee. Thus, Hinton's motion for leave to proceed in forma pauperis, Doc. 2, is granted. This Court now screens Hinton's complaint under 28 U.S.C. § 1915.

**II. Section 1915 Screening**

**A. Legal Standard**

A court when screening under § 1915 must assume as true all facts well pleaded in the complaint. Est. of Rosenberg v. Crandell, 56 F.3d 35, 36 (8th Cir. 1995). Pro se and civil rights complaints must be liberally construed. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (cleaned up); Bediako v. Stein Mart, Inc., 354 F.3d 835, 839 (8th Cir. 2004) (cleaned up). Even with this construction, "a *pro se* complaint must contain specific facts supporting its conclusions." Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir. 1985) (cleaned up). A complaint "does not need detailed factual allegations . . . [but] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (cleaned up). If a complaint does not contain these bare essentials, dismissal is appropriate. See Beavers v. Lockhart, 755 F.2d 657, 663–64 (8th Cir. 1985). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." Twombly, 550 U.S. at 555 (cleaned up).

When a district court determines a plaintiff is financially eligible to proceed in forma pauperis under 28 U.S.C. § 1915(a), the court must then determine whether the complaint should be dismissed under 28 U.S.C. § 1915(e)(2)(B). Martin-Trigona v. Stewart, 691 F.2d 856, 857 (8th Cir. 1982). The court must dismiss claims if they "(i) [are] frivolous or malicious; (ii) fail[ ] to state a claim on which relief may be granted; or (iii) seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

2

**B. Legal Analysis**

Hinton alleges that in September 2024 Collet[1] did not abide by the Bishop Dudley Hospitality House's[2] policy on work verification forms. Doc. 1.[3] Hinton maintains this resulted in him "staying out all night." Id.[4] Hinton does not seek money damages. Id. Instead, Hinton seeks "justice." Id.[5]

Construing Hinton's Complaint liberally, he alleges a Fourth Amendment violation under 28 U.S.C. § 1983. See Doc. 1. To plead an actionable § 1983 claim, a plaintiff must allege the defendant violated his constitutional rights *while acting under color of state law.* West v. Atkins, 487 U.S. 42, 48–49 (1988). Hinton cannot sue Collet under § 1983, for allegedly violating his federal constitutional rights, because no allegations suggest that Collet is a state actor. See Youngblood v. Hy–Vee Food Stores, Inc., 266 F.3d 851, 855 (8th Cir.2001) ("Only state actors can be held liable under Section 1983"). Therefore, Hinton's claim against Collet must fail and his Complaint is dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**III. Order**

For the above reasons, and the record as it now exists before this Court, it is hereby

ORDERED that Hinton's motion for leave to proceed in forma pauperis, Doc. 2, is granted. It is further

---

[1] Plaintiff did not provide a full name for Collet. This Court, for purposes of this screening order, assumes Collet works for Bishop Dudley Hospitality House.
[2] The Bishop Dudley Hospitality House is a non-profit ministry that provides "resource[s] for those in need of day and night time shelter essential services." See Bishop Dudley Hospitality House, https://www.bdhh.org/faqs (last visited Mar. 11, 2025).
[3] Hinton's Complaint and the specific claim against Collet are extremely difficult to discern.
[4] Hinton seems to allege he was prevented from staying at the shelter.
[5] Hinton does not request a specific remedy.

ORDERED that Hinton's Complaint, Doc. 1, is dismissed without prejudice under 28

U.S.C. § 1915(e)(2)(B)(ii).  It is finally

ORDERED that Hinton's Motion for Appointment of Counsel, Doc. 3, is denied as moot.

DATED this $\frac{11}{}$th day of March, 2025.

BY THE COURT:

ERIC C. SCHULTE
UNITED STATES DISTRICT JUDGE

4